UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BEHZAD KHALILI,

                Petitioner,                    **DECISION AND ORDER**

      v.                                      6:19-CV-06373 EAW

WILLIAM P. BARR, Attorney General, et al.,

                Respondents.

_____

## INTRODUCTION

*Pro se* petitioner Behzad Khalili ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York, filed a petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). The Court issued a Decision and Order on October 28, 2019 (the "D & O"), finding that Petitioner was entitled to an individualized bond hearing at which the Government bore the burden of proving by clear and convincing evidence that Petitioner poses either a risk of flight or a danger to the community. (Dkt. 11). Judgment granting the Petition in part pursuant to the D & O was entered on October 30, 2019. (Dkt. 12). Presently before the Court is Petitioner's motion to enforce the Judgment (Dkt. 13) and motion for immediate release (Dkt. 19). Petitioner's motions are denied for the reasons that follow.

## BACKGROUND

The factual background of this case is set forth in detail in the D & O, familiarity with which is assumed for purposes of this Decision and Order. The Court has summarized the key details below, and includes the relevant developments since the Court's issuance of the D & O.

Petitioner is a native and citizen of Iran whose application for lawful permanent resident status was denied by U.S. Citizenship and Immigration Services ("USCIS") on June 24, 2017, after USCIS concluded that Petitioner obtained lawful permanent residence in the United States by fraud and willful misrepresentation of material facts, including his name, date of birth, and experiences in Iran, to obtain an immigration benefit. (Dkt. 5-1 at ¶¶ 5, 11, 13). Petitioner was arrested on July 23, 2018, and placed in immigration removal proceedings by a Notice to Appear charging him with being subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(1)(a). (*Id.* at ¶ 15).

On July 23, 2018, DHS determined that Petitioner would be detained in the custody of the Department of Homeland Security ("DHS") pending a final administrative determination of his immigration case, and Petitioner requested that an immigration judge ("IJ") review the custody determination. (*Id.* at ¶ 16). A bond hearing was held on October 9, 2018, and the IJ denied Petitioner's request for a change in custody status. (*Id.* at ¶ 17). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On February 11, 2019, an IJ denied Petitioner's applications for relief from removal from the United States to Iran, a decision Petitioner also appealed to the BIA. (*Id.* at ¶ 23).

On March 11, 2019, the BIA dismissed Petitioner's appeal of the IJ's bond decision. (Dkt. 5-2 at 111). Petitioner filed a motion to reconsider the BIA's decision, which the BIA denied on May 21, 2019. (*Id.* at ¶ 28). On July 9, 2019, the BIA dismissed Petitioner's appeal of the IJ's order denying his applications for relief from removal and ordering his removal from the United States. (*Id.* at ¶ 30). Petitioner filed a petition for review and motion for stay of removal with the Second Circuit on July 19, 2019, which remain pending before the Second Circuit. (*Id.* at ¶¶ 31-33); *see generally* Docket, *Khalili v. Barr*, No. 19-2219 (2d Cir. July 19, 2019).

Petitioner filed the Petition in the instant matter on May 20, 2019 (Dkt. 1), and this Court granted the Petition in part on October 28, 2019, finding that Petitioner was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) where the Government bore the burden of demonstrating by clear and convincing evidence that Petitioner is either a risk of flight or a danger to the community (Dkt. 11). The D & O was entered on October 29, 2019 (*id.*), and a Judgment was entered on October 30, 2019 (Dkt. 12).

Petitioner's bond hearing was held on November 6, 2019, and the IJ orally denied bond at the conclusion of the hearing. (Dkt. 16 at ¶ 6; Dkt. 18-1 at 21-36). On November 21, 2019, Petitioner appealed the bond decision to the BIA, and the IJ issued a written decision denying Petitioner's release on bond on December 6, 2019. (Dkt. 16 at ¶ 7; Dkt. 16-4).

Petitioner filed the instant motion to enforce on December 5, 2019. (Dkt. 13). On December 20, 2019, Respondents submitted their opposition (Dkt. 15), and Petitioner replied on January 2, 2020 (Dkt. 17). On January 24, 2020, Respondents submitted a

supplemental declaration with a transcript of the November 6, 2019 bond hearing. (Dkt. 18). Petitioner filed his motion for immediate release on April 14, 2020. (Dkt. 19).

## DISCUSSION

Petitioner contends that he did not receive a constitutionally adequate bond hearing as required by the D & O and asks the Court to order that Respondents immediately release him. (Dkt. 13 at 18). The Court finds Respondents afforded Petitioner a constitutionally adequate bond hearing pursuant to the D & O for the reasons that follow.

### I.   Jurisdiction

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases. *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases). District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

Respondents rely on the language in 8 U.S.C. § 1226(e) to argue that the Court "has limited subject matter jurisdiction to review the IJ's bond denial." (Dkt. 15 at 7-8).

Respondents contend that the Court cannot review certain discretionary decisions by the IJ such as whether the government met its burden at the bond hearing or whether the IJ failed to consider certain evidence.  (*Id.*).

As an initial matter, it is not clear that 8 U.S.C. § 1226(e) applies here.  Section 1226(e) states:

> The Attorney General's discretionary judgment regarding the application of *this section* shall not be subject to review.  No court may set aside any action or decision by the Attorney General under *this section* regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e) (emphases added).  "The Court is skeptical that [Petitioner's] bond hearing constitutes a proceeding conducted under Section 1226; rather, it was a court-ordered bond hearing that demanded procedural protections beyond those compelled by the statute itself."  *Gutierrez Cupido v. Barr*, No. 19-CV-6367-FPG, 2020 WL 103477, at *2 (W.D.N.Y. Jan. 9, 2020) (citing *Jennings v. Rodriguez*, 138 S. Ct. 830, 847-48 (2018)); *see Darko v. Sessions*, 342 F. Supp. 3d 429, 434-35 (S.D.N.Y. 2018) ("[W]hile the Supreme Court held that § 1226(a) does not mandate that a clear and convincing evidence burden be placed on the government in bond hearings, it left open the question of whether the Due Process Clause does.").

Even if the bond hearing ordered by the Court was a bond hearing pursuant to 8 U.S.C. § 1226, courts in this District, including this Court, have held that § 1226(e) does not limit a district court's jurisdiction to determine whether an IJ followed a court order granting a bond hearing pursuant to the Fifth Amendment.  *See Apollinaire v. Barr*, No. 19-CV-6285-FPG, 2019 WL 4023560, at *2 (W.D.N.Y. Aug. 27, 2019) ("[T]he statute

- 5 -

presents no obstacle to review because the Court is not reviewing an immigration judge's discretionary judgment, but whether its order was followed[.]"); *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235-36 (W.D.N.Y. 2019) ("[T]he Court is not reviewing a discretionary judgment of the IJ under § 1226, and it is not 'set[ting] aside any action or decision by the Attorney General under § 1226. Nor is this Court simply *reviewing*, as the government contends, how the IJ applied [the clear and convincing] burden to the facts before it and weighed the evidence. Instead, the Court is determining whether the order it issued on November 2, 2018, was followed—that is, whether [the petitioner] received the due process to which he was entitled." (alterations in original) (quotations, citation, and footnote omitted)); *see also Blandon v. Barr*, __ F. Supp. 3d. __, No. 6:18-CV-06941 EAW, 2020 WL 465728, at *2-3 (W.D.N.Y. Jan. 22, 2020). In other words, it is not § 1226(e) that limits what the Court can review, but the contents of the D & O.

In the instant matter, the D & O required the Government to bear the burden of proving by clear and convincing evidence that Petitioner poses either a risk of flight or danger to the community justifying his continued detention without bond. (Dkt. 11 at 8). Therefore, the Court is limited on this motion to reviewing whether the burden of proof was in fact on the Government at Petitioner's November 6, 2019 bond hearing. The Court agrees with Respondents that this limitation means it cannot review the substance of the IJ's decision regarding whether the government met its burden; however, whether the IJ failed to consider certain evidence without explanation is a procedural question that could be relevant to determining whether a clear and convincing evidence burden was actually applied at Petitioner's bond hearing. The Court approaches Petitioner's present motion

accordingly. *See Apollinaire*, 2019 WL 4023560, at *3 ("[I]t is important to emphasize that the Court's task is narrow: it is to determine whether Respondent complied with the Decision and Order, not to review the hearing evidence *de novo*[.]"); *see also Gutierrez Cupido*, 2020 WL 103477, at *3 (same); *Hechavarria*, 358 F. Supp. 3d at 236 ("[T]he Court is determining whether the order it issued on November 2, 2018, was followed—that is, whether Hechavarria received the due process to which he was entitled."); *Nguti v. Sessions*, No. 16-CV-6703, 2017 WL 5891328, at *2 (W.D.N.Y. Nov. 29, 2017) ("In reviewing the government's compliance with the May 2, 2017 order, this Court is careful not to overstep its bounds and set aside an immigration judge's bond determination on discretionary or evidentiary grounds.").

## II.     Compliance with the D & O

In the D & O, the Court ordered Respondents to provide Petitioner with a bond hearing where the Government bore "the burden of proving by clear and convincing evidence that Petitioner poses either a risk of flight or danger to the community justifying his continued detention without bond."  (Dkt. 11 at 8).  Accordingly, the Court must now determine whether during Petitioner's bond hearing the IJ "relied upon proof that could not possibly establish by clear and convincing evidence—as a matter of law—that [Petitioner] was a danger to the community" or a flight risk. *Nguti*, 2017 WL 5891328, at *2; *see Apollinaire*, 2019 WL 4023560, at *3 (same).

"[C]lear and convincing evidence . . . means something more than 'preponderance of the evidence,' and something less than 'beyond a reasonable doubt.'" *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).  "The clear-and-convincing burden of proof

'requires the government to prove that a factual contention is highly probable.'" *Apollinaire*, 2019 WL 4023560, at *3 (quoting *Hechavarria*, 358 F. Supp. 3d at 240); *see Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (discussing that clear and convincing evidence requires presenting evidence that shows "the truth of its factual contentions are 'highly probable'"). Courts in this Circuit have found that the clear and convincing threshold is met when the IJ "review[s] the evidence, hear[s] arguments from both sides, and c[omes] to a legally permissible conclusion in light of the available evidence." *Medley v. Decker*, No. 18-CV-7361 (AJN), 2020 WL 1033344, at *3 (S.D.N.Y. Mar. 3, 2020) (quoting *Apollinaire*, 2019 WL 4023560, at *3).

The Court finds that on November 6, 2019, Respondents provided Petitioner with a bond hearing where they bore the burden of proving by clear and convincing evidence that Petitioner was a flight risk.[1] In the bond hearing decision, the IJ found "that DHS has met its burden of establishing by clear and convincing evidence that [Petitioner] . . .constitutes a risk of flight." (Dkt. 16-4 at 6). The IJ discussed Petitioner's "extensive and well-documented history of engaging in immigration fraud," as well as the record evidence that the IJ found demonstrates Petitioner "will undertake whatever is necessary to achieve his objectives, including fraud against the United States government." (*Id.* at 6-7). Additionally, the IJ noted that "DHS has submitted substantial and persuasive evidence demonstrating that [Petitioner] has engaged in multiple material misrepresentations and

---

[1] Respondents also argue that Petitioner failed to exhaust his administrative remedies. (Dkt. 15 at 5-7). However, the Court need not address this argument because it finds that regardless, Respondents complied with the D & O.

omissions at various times to United States immigration officials," as well as a "report documenting the events when federal officials confronted [Petitioner]" describing Petitioner's statements as "inconsistent concerning his immigration history and personal circumstances, and varied as he alternately admitted then denied using multiple names and engaging in other inculpatory conduct." (*Id.* at 7). The IJ also "reviewed the documents submitted on behalf of [Petitioner]," finding their evidentiary value "limited" because they were statements from individuals that discuss "a superficial relationship with [Petitioner] using non-specific and generic phrases" that did not "reflect a clear understanding that [Petitioner] was placed in immigration proceedings because immigration officials believed that he provided false information." (*Id.* at 7-8). Moreover, the IJ considered Petitioner's "claim of future persecution if returned to Iran as evidence mitigating against the risk of flight," finding the legitimacy of the claim questionable based on his obtaining an Iranian passport "many years after his entry in to the United States as [a] refugee." (*Id.* at 8).

Petitioner argues that the IJ should have considered that he has no history of illegal entry into the United States or of missing immigration proceedings, as well as his "very strong friend[] ties and community ties." (Dkt. 13 at 3). However, the IJ specifically addressed that Respondent had unlawfully entered the United States by falsifying documents both at the hearing and in the written decision (Dkt. 16-4 at 7; Dkt. 18-1 at 31), and that the statements from individuals submitted on Petitioner's behalf were only illustrative of a "superficial relationship" (Dkt. 16-4 at 7-8; Dkt. 18-1 at 33-34). "In short, this is not a case where an immigration judge failed to rely on record evidence in making a bond determination, or chose to rely on speculation." *Apollinaire*, 2019 WL 4023560, at

*3 (citation omitted). While Petitioner may disagree with the IJ's resolution of the factual disputes, there was sufficient evidence for the IJ to determine by clear and convincing evidence that Respondents demonstrated that Petitioner is a flight risk.

### III. Motion for Immediate Release

On April 14, 2020, Petitioner filed a motion for immediate release due to the national emergency and worldwide pandemic caused by the Coronavirus Disease-2019 ("COVID-19"). (Dkt. 19). Petitioner asks the Court to expedite its issuance of the instant Decision and Order, or alternatively for the Court to order his immediate release. (*Id.* at 2). The Court interprets Petitioner's motion as a challenge to his conditions of confinement.

The Second Circuit has held that a challenge to conditions of confinement may be brought in a habeas proceeding. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as the administration of parole, prison disciplinary actions, prison transfers, type of detention and prison conditions." (quotation and alteration omitted)). However, courts typically do not entertain motions in habeas cases that reach issues beyond those raised in the petition, *see Alonso Barrientos v. Barr*, No. 19-CV-6198-FPG, 2019 WL 3497055, at *1 (W.D.N.Y. Aug. 1, 2019), and Petitioner did not challenge his conditions of confinement in his original Petition, which the Court has already ruled on.

Even if the Court exercised its discretion to address Petitioner's motion, it would not find Petitioner's release appropriate. Petitioner has not provided the Court with any

sort of description of the conditions he has been subject to at the Buffalo Federal Detention Facility from which the Court could assess the lawfulness of Petitioner's confinement. *Compare Jones v. Wolf*, No. 20-CV-361, 2020 WL 1643857, at *1, *7 (W.D.N.Y. Apr. 2, 2020) (finding that "holding petitioners in the current conditions at the [Buffalo Federal Detention Facility] during the COVID-19 epidemic violates their substantive Due Process rights" based in part on the "heightened risk of contracting COVID-19" due to the "communal-living style congregate setting"), *with Hassoun v. Searls*, __ F. Supp. 3d __, No. 1:19-CV-00370 EAW, 2020 WL 1819670, at *1, *7 (W.D.N.Y. Apr. 10, 2020) (denying the petitioner's motion for release because the petitioner's individual circumstances at the Buffalo Federal Detention Facility "are particularly well-suited to avoiding infection"). Accordingly, the Court denies Petitioner's motion for immediate release.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to enforce (Dkt. 13) and motion for immediate release (Dkt. 19) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: April 15, 2020
Rochester, New York